[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14632

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANCISCO SALDANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:95-cr-00605-PAS-1

_____

2                     Opinion of the Court                     20-14632

_____

No. 21-12208

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANCISCO SALDANA,
a.k.a. Frank,
a.k.a. Frank Rivera,
a.k.a. Warren G,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:95-cr-00605-PAS-2

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Francisco Saldana, currently serving a life sentence for various drug and gun offenses, moved for compassionate release under the First Step Act. The district court denied the motion and we affirm.

## I

In 1996, a jury convicted Saldana of eleven counts—seven for drugs, four for guns—for his role in a Miami conspiracy to distribute crack cocaine. The district court sentenced him to life imprisonment plus fifteen years, consecutive. While imprisoned, Saldana developed end-stage kidney disease, had to get an infected leg amputated, and is now wheelchair-bound. He petitioned the Federal Bureau of Prisons for a reduced sentence due to his medical condition, but the bureau denied his request.

Saldana then turned to the district court for relief under the First Step Act, moving for compassionate release. Saldana argued that his medical condition—end-stage kidney disease requiring dialysis treatment—was an extraordinary and compelling reason for compassionate release. Because of his medical condition, Saldana explained, he was at a higher risk of exposure, and harm if exposed, to Covid-19. Granting him compassionate release, Saldana argued, would be consistent with the 18 U.S.C. § 3553(a) factors because: (1) the twenty-five years he has served in prison was just punishment for his crimes, and his crimes were no longer punishable by life in prison; (2) he was rehabilitated through earning his GED, a

drug education program, and numerous other bureau courses and courses from outside institutions; (3) he would not commit further crimes due to his age, mobility, and end-stage kidney disease; (4) he posed no risk to the community; and (5) he was more dangerous to the public by keeping him incarcerated because of the Covid-19 pandemic and the risk he posed to the health care workers who treated him while incarcerated.

The district court denied Saldana's motion for compassionate release. It first found that Saldana's end-stage kidney disease was enough by itself to count as an "extraordinary and compelling" reason for a reduced sentence.

The district court next considered the 18 U.S.C. section 3553(a) sentencing factors, which it decided weighed against compassionate release. Saldana, the district court explained, was the "acknowledged ringleader of a drug house" that distributed large amounts of crack cocaine. And while some of his co-conspirators had been granted compassionate release based on amended drug statutes, those defendants did not have the leadership role Saldana did. Their reduced sentences thus did not create a sentencing disparity within the meaning of section 3553(a). The district court was also concerned that Saldana would reoffend based on his criminal history and long prison term.

The district court considered Saldana's proposed reentry plans and decided that they were inadequate for his medical needs and to prevent recidivism. Saldana's daughter—a single mother of two who worked full time—had volunteered to take Saldana into

her home and care for him. But the district court was skeptical that Saldana's daughter, with her many other responsibilities, would have the time or resources to care effectively for her ailing and wheelchair-bound father. Saldana's niece had also offered to take him in, but she had no substantial prior relationship with him, and the district court doubted that she could provide the attention and care necessary to reintegrate Saldana into ordinary life after more than two decades in federal prison.

## II

We review an order denying compassionate release for abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). That "means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 924 (11th Cir. 2007)). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (citation omitted). It also abuses its discretion by "commit[ting] a clear error of judgment." *Id.*

## III

Saldana argues that the district court abused its discretion when it denied his motion for compassionate release.

Under the First Step Act, a prisoner who has exhausted his administrative remedies may file a motion in the district court to

reduce his sentence. *See* 18 U.S.C. § 3582(c)(1)(A). The prisoner who moves for a reduced sentence bears the burden of showing he is entitled to one. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). When a district court reviews a compassionate-release motion, it must not only determine whether extraordinary and compelling reasons justify compassionate release and assess whether the inmate is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The district court must also "consider all applicable [section] 3553(a) factors." *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021). The sentencing factors can support denying compassionate release even if extraordinary and compelling reasons exist. *United States v. Tinker*, 14 F.4th 1234, 1238 (11th Cir. 2021). "A district court need not exhaustively analyze every factor in its order, but it must provide enough analysis 'that meaningful appellate review of the factors' application can take place.'" *Cook*, 998 F.3d at 1184 (quoting *United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017)).

The district court did not abuse its discretion when, after reviewing the section 3553(a) factors, it was not satisfied that Saldana's release would be consistent with the section 3553(a) factors. The district court provided an analysis of the section 3553(a) factors sufficient to satisfy *Cook* when it found that the factors—specifically, the need to protect the public from future crimes committed by Saldana, his leadership role in the criminal drug organization, and his past crimes—weighed against compassionate release. The district court also addressed the need to avoid unwarranted

sentence disparities among similar defendants, the seriousness of his offense, Saldana's educational and vocational training while incarcerated, and the nature and circumstances of his offense. The district court adequately explained its decision and, although it did not list every factor in section 3553(a), it did not need to do so under *Cook*.

Although Saldana argues that the district court erred when it determined that it was not satisfied with his reentry plans, the district court explained that the reason it denied his motion was not merely because it disagreed with his reentry plans, but because it was not satisfied that Saldana would be successful in adjusting to life outside of prison and therefore, it was not satisfied that the community was protected from future crimes committed by him. The district court had a range of choices in determining whether Saldana met the requirements for compassionate release, and although we may have come to a different conclusion, the facts of this case do not suggest that the district court abused its discretion in coming to the opposite conclusion. The district court did not disregard relevant factors that were due significant weight, nor did it give significant weight to an irrelevant or improper factor or commit a clear error of judgment.

Ultimately, the district court found that based on the crimes underlying Saldana's conviction and the harm he did to the community by running a crack cocaine organization that distributed between two and five kilograms of crack cocaine weekly to his community, the threat he posed to the community outweighed the

seriousness of his medical condition, which was within its discretion to do. *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (The "weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." (quotation omitted)). The district court did not clearly err when it weighed the section 3553(a) factors.[1]

---

[1] Saldana also argues that *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021) was wrongly decided because it misinterpreted 28 U.S.C. section 994(t) and guideline section 1B1.13, creating an unconstitutional delegation of legislative power and an unconstitutional sub-delegation to the bureau. But his delegation arguments fail for three reasons. First, we're bound by *Bryant* until the Supreme Court or the en banc court overrules it. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). Second, because Saldana didn't raise his delegation arguments to the district court, and there is no precedent from our court or the Supreme Court holding that section 994(t) and guideline section 1B1.13 are unconstitutional delegations, the arguments fail on plain error review. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."). Third, the delegation arguments only go to the extraordinary-and-compelling-reason factor for compassionate release under 18 U.S.C. section 3582(c)(1)(A). But the district court didn't deny Saldana's compassionate release motion for that reason. It denied Saldana's motion because the section 3553(a) factors weighed against granting compassionate release. Because we're affirming the district court's order denying compassionate released based on its consideration of the section 3553(a) factors, we do not need to address the other compassionate release factors, including whether Saldana established extraordinary and compelling reasons and any delegation arguments that go with it. *See Tinker*, 14 F.4th at 1237 ("Nothing, to be more specifically responsive to Tinker's contention, requires a court to find 'extraordinary and compelling reason' for

**AFFIRMED.**

---

release *before* considering the [section] 3553(a) factors or [section] 1B1.13's policy statement.").